UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CRAIG ALAN WALL, SR.,

    Petitioner,

v.                                                                     Case No. 8:19-cv-2496-VMC-LSG

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____/

## ORDER

Before the Court are:

1. "Petitioner's [pro se] Motion to Reinstate/Reinstitute and to Amend Court Document 46: pro se 'Motion to Replace Counsel Under § 3599(e) and 18 U.S.C. § 3006A' and Motion to Strike Unauthorized Pleadings and Proceed Under First Amended Habeas Corpus" (Doc. 96);

2. Petitioner's counsel's response to Petitioner's pro se motion at Doc. 96 (Doc. 106); and

3. "Petitioner's [pro se] Motion to Strike 'Personal Letter' to Judge Virginia Hernandez Covington (Doc. 106) and Petitioner's Reply to 'Personal Letter' (Doc. 106)" (Doc. 107).[1]

Petitioner has filed, *pro se*, a motion seeking substitution of counsel, dismissal

of his Second Amended Petition, and reinstatement of his Amended Petition (Doc.

_____

[1] To the extent that Petitioner moved to strike counsel's response, the motion was denied (Doc. 110). However, the Court will consider Petitioner's reply to counsel's response (*Id.*).

1

96). Petitioner is currently represented by the Federal Public Defender's Office, Capital Habeas Unit (CHU) in this capital habeas action.[2]

**DISCUSSION**

Although there is no constitutional right to the appointment of counsel in habeas corpus cases, *see Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), an indigent habeas petitioner in a capital case has a statutory right to appointed counsel under 18 U.S.C. § 3599(a)(2). *Martel v. Clair*, 565 U.S. 648, 652 (2012). However, the statute does not confer petitioners with the right to counsel of their choice. *Christeson v. Roper*, 574 U.S. 373, 377 (2015) ("Congress has not, however, conferred capital habeas petitioners with the right to counsel of their choice."). Rather, the court selects a qualified lawyer for the petitioner. *Id*. (citing 18 U.S.C. §§ 3599(a)-(d)). "But the statute contemplates that a court may 'replace' appointed counsel with 'similarly qualified counsel ... upon motion' of the petitioner." *Id*. (citing § 3599(e)).

"[A] motion for substitution should be granted when it is in the 'interests of justice.'" *Id*. (quoting *Martel*, 565 U.S. at 663). In making this determination, the court should consider: 1) the timeliness of the motion; and 2) the asserted cause for [the] complaint, including the extent of the conflict or breakdown in communication between lawyer and client (and the client's responsibility, if any, for that conflict). *Martel*, 565 U.S. at 663.

---

[2] Although a party represented by a lawyer may appear through the lawyer only (Local Rule 2.02(b)(3)), the Court will make an exception where a capital habeas petitioner contends that there is a conflict with appointed counsel.

Considering the current stage of these proceedings, and that Petitioner filed his motion less than six months after the Second Amended Petition was filed, the Court finds no issue with the timeliness of Petitioner's motion. However, the Court finds that Petitioner's asserted issues with counsel do not warrant substitution of counsel.

Petitioner's primary complaint is that in the Second Amended Petition, counsel failed to raise several claims that were asserted in the Amended Petition that he believes to be meritorious. Thus, he seeks that the Court strike the Second Amended Petition and reinstate the Amended Petition. As additional grounds, he alleges that he's had no communication for over two years with Mr. Veleanu (one of his CHU attorneys), and Ms. Donnelly (another CHU attorney) deceived him by telling him that a) CHU would file a complaint under 42 U.S.C. § 1983 on his behalf, then refused to do so, and b) the claims in the Second Amended Petition supplemented the claims asserted in the Amended Petition rather than superseding them.

CHU asserts that counsel have frequently communicated with Petitioner and continue to do so even after Petitioner filed his motion for substitution of counsel (Doc. 106 at 1–2). The record before the Court reveals that Petitioner decided not to communicate with either Mr. Veleanu or Ms. Donnelly (Doc. 96-1 at 3–4, 11–12). Thus, Petitioner bears much of the responsibility for any communication breakdown.

Petitioner is also frustrated that counsel have not raised the issues he wants raised in the Second Amended Petition and that they refused to file a civil rights complaint on his behalf. Ms. Donnelly, Mr. Veleanu, and Mr. Rieske (another counsel

with CHU) are very experienced death penalty lawyers (Doc. 106 at 1). They "note that Mr. Wall has [] prepared and filed a *pro se* 196-page complaint", but they "do not believe it would be wise or desirable under the circumstances to represent him in this matter." (*Id*. at 2). Their decision not to pursue a civil rights action does not mean that they are not zealously and adequately representing Petitioner in this habeas action.[3] In fact, a review of the record reflects that counsel are zealously representing Petitioner.

To the extent that Petitioner demands counsel raise every claim he wants to raise in his habeas action, "[t]he decision as to which particular claims are advanced in a federal habeas proceeding is a matter of legal strategy left to the discretion of counsel." *Hernandez v. McDaniel*, 2010 WL 11747705, at *2 (D. Nev. Jan. 25, 2010) (citing *Jones v. Barnes*, 463 U.S. 745, 751 (1983) (on appeal, counsel is not required to raise every colorable claim suggested by a client). *See also, Hutchinson v. Fla.*, 677 F.3d 1097, 1107 (11th Cir. 2012) (Barkett, J., concurring) ("[A] habeas petitioner is not permitted to interfere with his lawyer's determinations regarding which claims to raise."). Counsel must exercise their professional judgment in determining which claims to raise or omit, and are not required to raise or omit a claim because Petitioner instructs them to do so. *See United States v. Moore*, 706 F.2d 538, 540 (5th Cir.), *cert. denied*, 464 U.S. 859 (1983) ("A defendant is entitled to appointment of an attorney

---

[3] The Court notes that previously, the CHU filed a civil rights complaint on behalf of Petitioner and represented him in that action seeking injunctive and declaratory relief. *See Wall v. Davis, et al.*, Case No. 8:22-cv-664-KKM-SPF (M.D. Fla.). The parties settled the case. *Id*. at docket entry#68.

with whom he can communicate reasonably, but has no right to an attorney who will docilely do as he is told."). Moreover, "disagreements concerning a petitioner's strategy and unwillingness to communicate with counsel do not warrant substitution of counsel, at least where the attorney-client relationship has not devolved into a complete breakdown." *Ahmed v. Shoop*, 2024 WL 4342868, at *3 (6th Cir. Mar. 4, 2024), *cert. dismissed sub nom. Ahmed v. Cool*, 145 S. Ct. 1222 (2025). Thus, Petitioner's disagreement with counsel about which claims to pursue is not a sufficient reason to warrant the removal of counsel and substitution with new counsel.[4]

In sum, Petitioner has failed to establish good cause for the appointment of substitute counsel. *See United States v. Garey*, 540 F.3d 1253, 1263 (11th Cir. 2008) ("An indigent criminal defendant does not have a right to have a particular lawyer represent him, nor to demand a different appointed lawyer except for good cause.").

Accordingly, it is **ORDERED and ADJUDGED** that "Petitioner's [pro se] Motion to Reinstate/Reinstitute and to Amend Court Document 46: pro se 'Motion to Replace Counsel Under § 3599(e) and 18 U.S.C. § 3006A' and Motion to Strike

---

[4] In their response to Petitioner's motion, counsel state that they "have no objection to the court considering those claims [in the Amended Petition] as pled and argued by Mr. Wall." (Doc. 106 at 2). This Court will not entertain piecemeal litigation. *See, e.g., Norman v. Liberty Mut. Fire Ins. Co.*, 2020 WL 6127719, at *7 (N.D. Ala. Sept. 29, 2020) ("[A]voiding piecemeal pleading promotes clarity and efficiency.") (citations omitted). Only the claims raised in the Second Amended Petition will be considered. The Court will not consider any other claims raised in prior petitions or that may have been raised by Petitioner in his *pro se* filings. If Petitioner desires to add to, or subtract from, his Second Amended Petition, counsel for Petitioner must file a motion requesting leave to file a third amended petition.

Unauthorized Pleadings and Proceed Under First Amended Habeas Corpus" (Doc.

96) is **DENIED**.

> **DONE and ORDERED** at Tampa, Florida, on June 11, 2026.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record