**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CRAIG ALAN WALL, SR.,

Petitioner,

v. Case No. 8:19-cv-2496-VMC-LSG

SECRETARY, DEPARTMENT
OF CORRECTIONS,

Respondent.
________________________________________/

**ORDER**

Petitioner Craig Alan Wall, Sr., is a Florida prisoner who was sentenced to death for murdering his fiancée, Laura Taft, and their five-week-old son, C.J. After unsuccessfully challenging his convictions and sentences in Florida state court, Wall filed this federal habeas action. (Docs. 1, 38, 80). Now before the Court are (1) Wall's Motion to Compel Access to Physical Evidence, and (2) Wall's Motion for an Extension of Time to File a Reply Pending Resolution of the Motion to Compel. (Docs. 97, 98). For the reasons explained below, the Motion to Compel is **DENIED without prejudice**, and the Motion for an Extension of Time is **GRANTED** solely to the extent that Wall has thirty days to file a reply addressing the merits of his claims.

In his Second Amended Petition, Wall raises three grounds for habeas relief. First, he contends that the state trial court violated his right to due process by failing to employ "constitutionally adequate" procedures to determine his mental

competency. (Doc. 80 at 7). Second, Wall argues that trial counsel provided ineffective assistance in connection with the competency proceedings. (*Id.* at 14-15). Third, Wall challenges the state trial court's denial of his motion to sever the murder charges involving Taft and C.J. (*Id.* at 23). Wall concedes that Grounds One and Two—the competency-related claims—are untimely. (*Id.* at 33; Doc. 80-1 at 85). He also concedes that Ground Two is unexhausted. (Doc. 80-1 at 85). Wall argues, however, that the Court should disregard these "procedural barrier[s]" and "consider[] . . . the[] claims on the merits" because he is actually innocent of murdering C.J. (*Id.*) In support, Wall offers expert testimony suggesting that C.J. "did not die from intentional abuse or Shaken Baby Syndrome." (Doc. 113; *see also* Doc. 98, Attachments B & C).

Seeking to bolster his assertion of actual innocence, Wall moves for an order "compelling access to physical evidence located at the Office of the Medical Examiner" for Pinellas County. (Doc. 98 at 1). The physical evidence consists of "microscopic slides" of C.J.'s brain and eye tissue. (*Id.* at 7-8). According to Wall, two of his expert witnesses—pediatric pathologists Anna McDonald and Evan Matshes—need access to the "brain and eye slides" before they can "conduct a professionally appropriate review" of C.J.'s injuries. (*Id.* at 9). Once that review is complete, Drs. McDonald and Matshes plan to submit "final reports" on C.J.'s cause of death, and Wall intends to address the medical evidence in his reply brief and, if permitted, at an evidentiary hearing. (*Id.* at 9, 14; Doc. 97).

Wall's request for discovery is denied without prejudice. "Although a habeas petitioner is not entitled to discovery as a matter of course, petitioners are entitled to

discovery upon showing 'good cause.'" *Daniel v. Comm'r, Ala. Dep't of Corr.*, 822 F.3d 1248, 1281 (11th Cir. 2016). "Good cause is demonstrated where specific allegations . . . show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Id.* (internal quotation marks omitted). Even if good cause exists, "the scope and extent of . . . discovery is a matter confided to the discretion of the District Court." *Bracy v. Gramley*, 520 U.S. 899, 909 (1997). Moreover, "[a] federal court may *never* needlessly prolong a habeas case, particularly given the essential need to promote the finality of state convictions, so a court must, before facilitating the development of new evidence, determine that it could be legally considered in the prisoner's case." *Shoop v. Twyford*, 596 U.S. 811, 820 (2022) (internal quotation marks omitted).

Wall does not raise a freestanding claim of actual innocence. (Doc. 80). Instead, he argues that "medical evidence of his actual innocence" serves as a "gateway" allowing the Court to bypass "any procedural barrier[s]" and consider Grounds One and Two on the merits. (Doc. 80-1 at 86; *see also Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1011 (11th Cir. 2012) (discussing situations in which "the petitioner's assertion of innocence is not itself a freestanding claim, but merely serves as a 'gateway' to get the federal court to consider claims that the federal court would otherwise be barred from hearing")). It is well established, however, that "a federal court may skip over the procedural default analysis if a claim would fail on the merits in any event." *Dallas v. Warden*, 964 F.3d 1285, 1307 (11th Cir. 2020) (collecting cases). Likewise, a court has discretion to "determine whether the interests of justice would

be better served by addressing the merits or by dismissing [a claim] as time barred." *Day v. McDonough*, 547 U.S. 198, 210 (2006) (internal quotation marks omitted).

The Court concludes that the appropriate course is to first evaluate Grounds One and Two on the merits under *de novo* review. That review may obviate the need for additional discovery, competing expert analyses, supplemental briefing, and potentially an evidentiary hearing concerning actual innocence. If the claims fail even under *de novo* review, the Court will not need to address whether actual innocence excuses the procedural barriers to considering the claims on the merits. *See Gonzalez v. Sec'y, Fla. Dep't of Corr.*, 629 F.3d 1219, 1221 (11th Cir. 2011) (declining to "address" whether capital prisoner's habeas petition was "timely filed" because his "two substantive claims [were] without merit"); *Davis v. Terry*, 465 F.3d 1249, 1252-53 (11th Cir. 2006) (district court in capital habeas case correctly "declin[ed] to consider evidence of [petitioner's] actual innocence and instead reached the merits of his constitutional claims"). Moreover, as Wall appears to concede, the medical evidence he seeks to present has no bearing on the merits of his claims. (Doc. 98 at 9-10).

Thus, before authorizing further discovery, the Court prefers to determine whether it can resolve Wall's claims based solely on the existing record. To facilitate the Court's review, Wall must file a reply brief addressing the merits of each claim in the Second Amended Petition. Wall may renew his discovery request if, following review of the merits briefing, the Court determines that further factual development is necessary to resolve the claims. This sequencing respects the Supreme Court's

admonition to avoid "prolong[ing] federal habeas proceedings with no purpose." *Shinn v. Ramirez*, 596 U.S. 366, 390 (2022) (internal quotation marks omitted).

Accordingly, it is **ORDERED and ADJUDGED** that:

1. Wall's Motion to Compel Access to Physical Evidence, (Doc. 98), is **DENIED without prejudice**.
2. Wall's Motion for an Extension of Time to File a Reply Pending Resolution of the Motion to Compel, (Doc. 97), is **GRANTED as stated herein**.
3. Within **thirty days** of this Order, Wall must file a reply brief addressing the merits of the three claims in his Second Amended Petition.

**ORDERED** in Tampa, Florida, on September 14, 2026.

Virginia M. Hernandez Covington

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE